IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(LOUISVILLE DIVISION)

KRISTEN KAELIN                                                    PLAINTIFF
1601 Rhode Court
La Grange, Kentucky 40031

                                                        Case Number: 3:21-CV-233-CHB

v.


ONE ADVANTAGE, LLC                                                DEFENDANT
7650 Magna Drive
Belleville, Illinois 62223

          SERVE:       CT Corporation System
                       306 W. Main Street
                       Frankfort, Kentucky 40601
                       (BY CERTIFIED MAIL)

AND

EQUIFAX INFORMATION SERVICES, LLC
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

          SERVE:       CSC-Lawyers Incorporating Service Co.
                       421 W. Main Street
                       Frankfort, Kentucky 40601
                       (BY CERTIFIED MAIL)

AND

TRANS UNION, LLC
555 W. Adams Street
Chicago, Illinois 60661

          SERVE:       The Prentice Hall Corporation System
                       421 W. Main Street
                       Frankfort, Kentucky 40601
                       (BY CERTIFIED MAIL)

** ** ** **

## VERIFIED COMPLAINT

Comes the Plaintiff, Kristen Kaelin, and for her Verified Complaint against the Defendants, One Advantage, LLC ("One Advantage"), Equifax Information Services, LLC ("Equifax"), and Trans Union, LLC ("Trans Union") states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq. arising out of Defendants' failure to investigate Plaintiff's credit reporting disputes; One Advantage's false reporting of alleged collection accounts on Plaintiff's Trans Union credit report; and Defendants' failure to correct the false reporting on Plaintiff's credit reports.

### II. PARTIES

2. Plaintiff, Kristen Kaelin, is currently, and was at all relevant times, a citizen of the Commonwealth of Kentucky, residing at 1601 Rhode Court, La Grange, Kentucky 40031.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4. Defendant, One Advantage, is a limited liability company organized under the laws of the State of Illinois and doing business in the Commonwealth of Kentucky, with its principal place of business located at 7650 Magna Drive, Belleville, Illinois 62223.

5. One Advantage is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

6. Defendant, Equifax, is a corporation organized under the laws of the State of Georgia and doing business in the Commonwealth of Kentucky, with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

7. Equifax is a consumer reporting agency that compiles and maintains files on

consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

8.     Equifax is regularly engaged in the business of assembling, evaluating, and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

9.     Defendant, Trans Union, is a limited liability corporation organized under the laws of the State of Illinois and doing business in the Commonwealth of Kentucky, with its principal place of business located at 555 West Adams Street, Chicago, Illinois 60661.

10.    Trans Union is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

11.    Trans Union is regularly engaged in the business of assembling, evaluating, and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

## III.  JURISDICTION

12.    This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Oldham County, Kentucky as a result of the Defendants doing business in Oldham County, Kentucky.

## IV.  FACTUAL BACKGROUND

13.    In or around August 2020, Plaintiff accessed her Trans Union credit report and discovered false and derogatory tradelines furnished by One Advantage regarding alleged medical collection accounts.

14.    Immediately upon her discovery of the reporting of the collection accounts, Plaintiff disputed the One Advantage tradelines with Trans Union.  Specifically, Plaintiff disputed two

medical collections under One Advantage Account No. 1146****. In her dispute, Plaintiff stated that during the time period those bills were incurred, she had Medicaid insurance. Therefore, she would never have had a medical bill go to collections.

15. Upon information and belief, Trans Union, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified One Advantage of the dispute at or within five (5) days of Trans Union receiving notice.

16. In September 2020, Plaintiff received Trans Union's dispute results. Despite Plaintiff's lawful request for removal of the One Advantage tradelines, One Advantage and Trans Union refused to delete the tradelines from Plaintiff's credit report.

17. In or around August 2020, Plaintiff accessed her Equifax credit report and discovered false and derogatory tradelines regarding alleged medical collection accounts.

18. Immediately upon her discovery of the reporting of the collection accounts, Plaintiff disputed the tradelines with Equifax. Specifically, Plaintiff disputed Account No. 704186000542****, Account No. 704186000541****, and Account No. 909176000506****. In her dispute, Plaintiff stated that during the time period those bills were incurred, she had Medicaid insurance. Therefore, she would never have had a medical bill go to collections.

19. In September 2020, Plaintiff received Equifax's dispute results. Despite Plaintiff's lawful request for removal of the tradelines, Equifax refused to delete the tradelines from Plaintiff's credit report.

20. The Defendants' actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' failure to investigate Plaintiff's dispute and Defendants' false reporting. In addition, Defendants'

violations of the FCRA have caused Plaintiff to suffer embarrassment, humiliation, and emotional distress.

## V. CLAIMSs

### Negligent Violation of the Fair Credit Reporting Act – One Advantage

21.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 20 as if fully set forth herein.

22.     One Advantage's failure to investigate Plaintiff's disputes and its initial and continuing false reporting to Trans Union of Plaintiff's alleged past due One Advantage accounts are violations of One Advantage's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

23.     One Advantage's violations of the FCRA amount to negligent non-compliance with the FCRA, as stated in 15 U.S.C. §1681o, for which One Advantage is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and Plaintiff's attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act – Equifax

24.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 23 as if fully set forth herein.

25.     Equifax's failure to properly investigate the disputed items and its failure to remove the disputed items from Plaintiffs' credit report are violations of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

26.     Equifax's failure to properly investigate the disputed items and its failure to remove the disputed items from Plaintiff's credit report within a reasonable time, following Equifax's receipt of Plaintiff's dispute, are violations of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

27.     Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA, as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and Plaintiff's attorney's fees.

## Negligent Violation of the Fair Credit Reporting Act – Trans Union

28.     Plaintiff hereby adopts and incorporates the allegations contained in the above-pleaded paragraphs as if fully set forth herein.

29.     Trans Union's failure to properly investigate the disputed items and its failure to remove the disputed items from Plaintiffs' credit report are violations of Trans Union's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

30.     Trans Union's failure to properly investigate the disputed items and its failure to remove the disputed items from Plaintiff's credit report within a reasonable time following Trans Union's receipt of Plaintiff's dispute are violations of Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

31.     Trans Union's violations of the FCRA amount to negligent non-compliance with the FCRA, as stated in 15 U.S.C. §1681o, for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and Plaintiff's attorney's fees.

## Willful Violation of the Fair Credit Reporting Act – One Advantage

32.     Plaintiff hereby adopts and incorporates the allegations contained in the above-pleaded paragraphs as if fully set forth herein.

33.     One Advantage's failure to investigate Plaintiff's disputes and its initial and continuing false reporting to Trans Union of Plaintiff's alleged past due One Advantage accounts, despite One Advantage's knowledge of the falsity of its reporting, are willful violations of One Advantage's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15

U.S.C. §1681s-2(b).

34.     Given One Advantage's knowledge of the falsity of its reporting, One Advantage's violations of the FCRA amount to willful non-compliance with the FCRA, as stated in 15 U.S.C. §1681n, for which One Advantage is liable to Plaintiff for Plaintiff's actual damages, statutory damages, punitive damages, and Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Equifax

35.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 34 as if fully set forth herein.

36.     Equifax's failure to properly investigate the disputed items and its failure to remove the disputed items from Plaintiff's credit report are willful violations of Equifax's duty to ensure maximum possible accuracy of consumer reports, as stated in 15 U.S.C. §1681e(b), and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

37.     Equifax's violations of the FCRA amount to willful non-compliance with the FCRA, as stated in 15 U.S.C. §1681n, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, statutory damages, punitive damages, and Plaintiff's attorneys' fees.

### Willful Violation of the Fair Credit Reporting Act – Trans Union

38.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 37 as if fully set forth herein.

39.     Trans Union's failure to properly investigate the disputed items and its failure to remove the disputed items from Plaintiff's credit report are willful violations of Trans Union's duty to ensure maximum possible accuracy of consumer reports, as stated in 15 U.S.C. §1681e(b), and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

40.     Trans Union's violations of the FCRA amount to willful non-compliance with the

FCRA, as stated in 15 U.S.C. §1681n, for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, statutory damages, punitive damages, and Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Kristen Kaelin, respectfully demands the following:

1.      Trial by jury on all issues so triable;

2.      Judgment against the Defendants for statutory, compensatory, consequential, and punitive damages;

3.      For attorneys' fees and costs; and,

4.      Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

/s/Emily H. Funk
Emily H. Funk
HEMMINGER LAW OFFICE, P.S.C.
331 Townepark Circle, Suite 100-C
Louisville, KY  40243
Phone, (502) 443-1060
Facsimile, (502) 873-5300
hemmingerlawoffice@gmail.com
*Counsel for Plaintiff*

## VERIFICATION

I, Kristen Kaelin, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_Kristen Kaelin_
Kristen Kaelin

COMMONWEALTH OF KENTUCKY              )
                                     ) SS
COUNTY OF ~~OLDHAM~~ Jefferson       )

Subscribed, sworn to and acknowledged before me by Kristen Kaelin this 21 day of

March _____, 2021.

_____
Notary Public

Commission expires: Jan 27, 2025

ASHLEY N BRUNER
Notary Public - State at Large
Kentucky
My Commission Expires Jan. 27, 2025
Notary ID KYNP22365

9

COLP-L (2-04)